**E-Filed 10/28/05**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARON RAKICH,<br><br>        Plaintiff,<br><br>    v.<br><br>EMC CORPORATION, et al.,<br><br>        Defendants. | Case Number C 03-4205 JF (HRL)<br><br>ORDER SETTING DEADLINE FOR DEFENDANTS TO FILE SUBSTANTIVE RESPONSE TO PLAINTIFF'S *EX PARTE* MOTION |

      On October 24, 2005, Defendants filed a motion seeking leave to calendar a motion for summary judgment on December 2, 2005 (the last date for dispositive motions) or, in the alternative, seeking an enlargement of time for hearing on their motion for summary judgment. Because Defendants' papers contained a letter from Plaintiff's counsel setting forth Plaintiff's position, the Court granted the motion on October 26, 2005 without waiting for a formal response from Plaintiff. The Court set Defendant's motion for summary judgment on December 9, 2005, the date previously reserved by Plaintiff for her as-yet unfiled motion to continue the trial date and related cut-off dates and to reopen discovery.

      On October 26, 2005, Plaintiff filed an *ex parte* motion to continue the trial date and related cut-off dates and to reopen discovery. Plaintiff asserts *inter alia* that Defendants have

1  refused to produce documents critical to Plaintiff's prosecution of her case and that Plaintiff's
2  counsel has a conflicting trial set in San Mateo County.  Plaintiff asserts that even if the Court
3  were to hear Defendants' motion for summary judgment on December 9, 2005, the Court likely
4  would find it necessary to continue that motion pursuant to Federal Rule of Civil Procedure
5  56(f).  Defendants filed a procedural objection to Plaintiff's *ex parte* motion, asserting that
6  Plaintiff must bring her motion to continue the trial date as a noticed motion.

7        While Defendants technically are correct that Plaintiff's motion properly should have
8  been brought as a noticed motion, the Court notes that Plaintiff reserved a date for such a motion
9  and elected to proceed *ex parte* only after the Court set Defendant's motion for summary
10 judgment on the same date that Plaintiff had reserved for her motion.  In light of Plaintiff's
11 contentions regarding Defendants' refusal to produce relevant documents, and the impending cut-
12 off and trial dates, the Court will treat Plaintiff's motion as a motion pursuant to Rule 56(f) and
13 will direct Defendants to file a substantive response to the motion.  In particular, the Court is
14 interested in Defendant's views as to whether Plaintiff needs the discovery at issue to oppose
15 Defendants' motion for summary judgment under the standards applicable to Rule 56(f).

16       Accordingly, Defendants may file any substantive response to Plaintiff's *ex parte* motion
17 on or before November 2, 2005.  The matter thereafter will be taken under submission without
18 oral argument.

19       IT IS SO ORDERED.

22 DATED:  October 28, 2005

23                                                         /s/ electronic signature authorized
24                                                         JEREMY FOGEL
                                                        United States District Judge

Case No. C 03-4205 JF (HRL)
ORDER SETTING DEADLINE FOR DEFENDANTS TO FILE SUBSTANTIVE RESPONSE
(JFLC2)

1  Copies of Order served on:
2
3  Kurt Bockes     kbockes@littler.com, jwong@littler.com
4  Margaret Hart Edwards     MHEdwards@littler.com, PPrill@littler.com
5  Alden Knisbacher     aknisbacher@ yahoo.com,
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28