**E-Filed 11/3/05**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CARON RAKICH,<br><br>    Plaintiff,<br><br>    v.<br><br>EMC CORPORATION, et al.,<br><br>    Defendants. | Case Number C 03-4205 JF (HRL)<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S *EX PARTE* MOTION TO CONTINUE THE TRIAL AND RELATED DATES<br><br>[Doc. No. 108] |

   Having reviewed Plaintiff's *ex parte* motion to continue the trial date and related dates, and Defendants' opposition thereto, the Court concludes as follows:

   Plaintiff's motion is based in part upon her contention that she needs additional discovery to oppose Defendants' motion for summary judgment, which is set for hearing on December 9, 2005. This portion of Plaintiff's motion is governed by Federal Rule of Civil Procedure 56(f). A motion for continuance under Rule 56(f) must be supported by affidavits setting forth the particular facts expected to be discovered and how those facts would preclude summary judgment. *Brae Transportation, Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986). These requirements are not satisfied by references to a need for discovery contained in memoranda or declarations. *State of California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998); *Brae*, 790 F.2d at 1443. The movant additionally must show that he or she has been diligent in

1  conducting discovery. *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir.1996);
2  *Brae*, 790 F.2d at 1443. Failure to comply with the requirements of Rule 56(f) is a proper ground
3  for denying the motion for continuance and proceeding with the motion for summary judgment.
4  *Campbell*, 138 F.3d at 779; *Brae*, 790 F.2d at 1443. Plaintiff has not set forth with particularity
5  what facts she expects to discover and has not explained why she could not have taken the
6  discovery at issue earlier. Accordingly, the Court will deny Plaintiff's motion as to this ground
7  without prejudice to a renewed Rule 56(f) motion in conjunction with her substantive opposition
8  to Defendants' motion for summary judgment.

9        Plaintiff's motion also is based in part upon her assertion that she wishes to intervene in a
10 pre-certification class action pending in Illinois. It is entirely unclear whether or how Plaintiff's
11 wish to intervene in the Illinois action impacts this action. Accordingly, the Court will deny
12 Plaintiff's motion as to this ground.

13       Finally, Plaintiff's motion is based in part upon her counsel's representation that he
14 cannot go to trial in the instant action as scheduled on January 6, 2006 because of a conflicting
15 trial in the San Mateo Superior Court. Based upon the Court's preliminary review of
16 Defendants' motion, it appears that the motion may dispose of some or all of Plaintiff's claims,
17 and thus may significantly lessen the trial time and trial preparation in the instant action.
18 Consequently, the Court will deny Plaintiff's motion as to this ground without prejudice to a
19 renewed motion for continuance of trial once the Court has ruled on Defendants' motion for
20 summary judgment.

21       IT IS SO ORDERED.

23 DATED: November 3, 2005

24       /s/ electronic signature authorized
25       JEREMY FOGEL
      United States District Judge

2

Case No. C 03-4205 JF (HRL)
ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S *EX PARTE* MOTION TO CONTINUE TRIAL ETC.
(JFLC2)

Copies of Order served on:

Kurt Bockes      kbockes@littler.com, jwong@littler.com

Margaret Hart Edwards     MHEdwards@littler.com, PPrill@littler.com

Alden Knisbacher      aknisbacher@ yahoo.com,